983 F.2d 1069
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America Plaintiff-Appellee,
v.
Kenneth BONDS, Defendant-Appellant.
 No. 92-5121.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and HIGGINBOTHAM, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Kenneth Bonds, appeals his conviction for possession of controlled substances with intent to distribute under 21 U.S.C. § 841(a)(1) and use of a firearm during a drug trafficking offense under 18 U.S.C. § 924(c). On appeal, he argues that the evidence was not sufficient to prove guilt beyond a reasonable doubt. We AFFIRM.
 
 I.
 
 2
 In the early morning hours of May 16, 1991, William Woodard, a Memphis, Tennessee, Patrol Officer, received a radio message reporting the theft of a Chevrolet Monte Carlo. Shortly thereafter, Woodard spotted the defendant in a white Monte Carlo parked at a car wash. The white Monte Carlo matched the earlier radio description of the stolen automobile, so Woodard reported the Monte Carlo license plate to his dispatcher, who indicated that the Monte Carlo license plate actually belonged to a different car. Woodard decided to stop the Monte Carlo.
 
 
 3
 Defendant identified himself as "Lonnie Bonds." Lonnie Bonds is the defendant's brother. The defendant told Woodard that he received the car from a man named "Shotwell" and that he was performing repairs on it at Shotwell's request. After failing to produce a valid driver's license, a vehicle registration, or any item of personal identification, defendant was arrested. A pat-down search of the defendant and an inventory search of the vehicle revealed (1) a beeper, (2) cash currency, (3) a Colt .45 handgun, (4) a large plastic baggy containing cocaine base, (5) a partially loaded clip, (6) a bag of loose bullets, and (7) a number of very small "zip lock bags."
 
 
 4
 Following the arrest, Mike Kitsmiller, a detective with the Memphis Police Department, interviewed the defendant. Defendant again identified himself as "Lonnie Bonds." After first telling Kitsmiller that he resided on Ayers Street, defendant later said he lived on Decatur Street. The defendant also told Kitsmiller that he paid an unknown man twenty dollars for the privilege of driving the Monte Carlo. The later statement clearly contradicted the defendant's prior statement to Woodard that he possessed the Monte Carlo in order to perform repairs for a man named Shotwell.
 
 
 5
 Defendant's brother, Lonnie Bonds, testified at the trial as a defense witness. Lonnie Bonds stated that although he knew his brother had possession of the Monte Carlo, he did not know the exact duration of his possession. This testimony conflicted with statements he made to the grand jury, where he stated that defendant had possession of the Monte Carlo for approximately four months.
 
 
 6
 Defendant took the stand and admitted to lying about his residence and the manner by which he came to possess the Monte Carlo. He further stated that he possessed the car for the limited purpose of performing routine maintenance for Shotwell. The defendant denied having any knowledge whatsoever of the contraband, though he did admit to being a previously convicted felon, to previously accessing the trunk of the vehicle, and to possessing keys to the ignition and trunk. Defendant also admitted that miscellaneous papers bearing his name were in the vehicle.
 
 
 7
 After the jury returned a guilty verdict on both counts, defendant was sentenced to ninety-two months imprisonment. This appeal followed.
 
 II.
 
 8
 Defendant contends that "[t]here was no proof in this case that Kenneth Bonds had armed himself for the purpose of furthering his drug trafficking nor is there proof that he had knowledge of the drugs or gun in the truck of that car." He therefore argues that the district court erred in denying his motion for judgment of acquittal at the close of the government's case in chief.
 
 
 9
 In reviewing defendant's claim of insufficient evidence, we must affirm if after drawing all reasonable inferences in the government's favor, the evidence would allow any rational trier of fact to conclude that the government proved the essential elements of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Poulos, 895 F.2d 1113, 1117 (6th Cir.1990).
 
 
 10
 Defendant's possession of the car and access and use of the trunk over a four-month period evidenced his knowledge and possession of the trunk's contents. The Monte Carlo provides strong, almost inescapable, links among the defendant, the drugs, and the gun.
 
 
 11
 Defendant's conduct on the night he was arrested also supports the jury's verdict. For no apparent reason, Defendant was parked at a car wash at 2 a.m. when Woodard's attention drew near. The time of day and the contents of the trunk coupled with defendant's attempt to conceal his identity provide strong circumstantial evidence that he was engaged in unlawful activities.
 
 
 12
 The items in defendant's possession when he was arrested provided additional incriminating circumstantial evidence. The beeper and the small plastic bags, although themselves not incriminating as indicated by Kitsmiller, are often possessed by drug dealers. Considered in light of all the evidence, the beeper and plastic bags augment the indicia of guilt.
 
 
 13
 It is no quantum leap in logic to infer from these facts beyond a reasonable doubt that the defendant possessed and intended to distribute cocaine with the assistance and protection of a handgun. When we consider the evidence in its totality, we conclude that a reasonable trier of fact could have found defendant guilty beyond a reasonable doubt.
 
 
 14
 Defendant claims that based on the evidence adduced at trial, other individuals could have been responsible for the drugs and the gun. In this respect, defendant argues (1) that because the Monte Carlo's vehicle tags, vehicle identification number, and record title all pointed to different "owners," it is reasonable to suggest that someone other than the defendant was responsible for the contraband in the trunk, and (2) that the Monte Carlo was a "neighborhood" car that was frequently used by various individuals, some of whom could have been responsible for the cocaine and the gun. This defense was presented to the jury and rejected. The government had to prove possession, not ownership. Although "ownership" of the Monte Carlo was dubious, defendant's possession of the car and its contents were not. Furthermore, defendant's attempt to shift culpability onto other unknown individuals was not sufficient to overcome the great weight of evidence indicating otherwise.
 
 III.
 
 15
 For all of the foregoing reasons, defendant's conviction is AFFIRMED.
 
 
 
 *
 The Honorable A. Leon Higginbotham, Jr., Senior Circuit Judge of the United States Court of Appeals for the Third Circuit, sitting by designation