68 F.3d 474
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth Earl BONDS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5345.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1995.
 
 1
 Before: MERRITT, Chief Judge; RYAN, Circuit Judge, and CLELAND, District Judge.*
 
 ORDER
 
 2
 Kenneth Earl Bonds, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Bonds in September 1991 of possession with intent to distribute cocaine base and carrying a firearm during a drug trafficking crime. He was sentenced on November 15, 1991, to 152 months in prison and 3 years of supervised release. A panel of this court affirmed Bonds's conviction in an unpublished opinion. See United States v. Bonds, No. 92-5121, 1992 WL 393063 (6th Cir. Dec. 22, 1992) (per curiam), cert. denied, 113 S.Ct. 1877 (1993).
 
 
 4
 In his motion to vacate, Bonds raised three grounds for relief: (1) counsel rendered ineffective assistance by failing to interview and call witnesses favorable to the defense, (2) the trial court erroneously failed to instruct the jury on "attempt," and (3) counsel rendered ineffective assistance by failing to object to the use of Bonds's prior convictions to enhance his sentence without formal notice. The district court denied the motion in part in an order filed on May 17, 1994. In that order, the district court found that Bonds's third issue was without merit because use of prior convictions to calculate a sentence under the U.S. Sentencing Guidelines does not require notice under 21 U.S.C. Sec. 851, and so counsel was not ineffective in failing to object to the lack thereof. The district court also concluded that Bonds's jury instruction issue was meritless because there was simply no factual basis presented at trial to justify an instruction on attempt.
 
 
 5
 In an order filed on November 8, 1994, the district court found that Bonds's remaining issue did not warrant relief under Sec. 2255 and denied his motion to vacate. The court determined that Bonds's counsel did investigate, but was either unable to locate the witnesses in question or obtain their cooperation in aiding the defense. Moreover, any failure to obtain the testimony of potential witnesses Shotwell and Ward did not prejudice the defense in light of the overwhelming evidence linking Bonds to both the gun and drugs seized upon his arrest. A separate judgment was filed on November 16, 1994.
 
 
 6
 On appeal, Bonds continues to argue that he received ineffective assistance of counsel due to inadequate investigation, that his prior convictions should not have been used without the Sec. 851 notice, and that the district court should have conducted an evidentiary hearing.
 
 
 7
 Upon review, we affirm the district court's judgment because the record in this case does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the jury's verdict. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994).
 
 
 8
 Bonds has not reasserted his jury instruction issue on appeal. Therefore, it is considered to be abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 9
 To establish ineffective assistance of counsel, Bonds must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense so as to render the trial unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Sims v. Livesay, 970 F.2d 1575, 1579-81 (6th Cir.1992). The performance and prejudice prongs are mixed questions of law and fact subject to de novo review. Strickland, 466 U.S. at 698; Sims, 970 F.2d at 1579. The reviewing court's scrutiny of counsel's performance is highly deferential. Strickland, 466 U.S. at 689.
 
 
 10
 Counsel has a duty to make a reasonable investigation of all leads relevant to the merits of the case, or to make a reasonable decision that a particular investigation is unnecessary. See O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir.1994); Sims, 970 F.2d at 1580-81; Workman v. Tate, 957 F.2d 1339, 1345-46 (6th Cir.1992). According to the government's response to Bonds's motion, counsel was contacted and stated that attempts were made to reach Shotwell, but the investigator either could not locate him, or he was unwilling to assist the defense. Unfortunately, the government failed to obtain an affidavit from Bonds's trial counsel to this effect and so the court has only the Assistant U.S. Attorney's unsworn, second-hand statement as to the extent and result of this investigation. This is not enough in itself to counter Bonds's allegation of deficient performance. However, the record is sufficient to establish that Bonds has failed to satisfy the prejudice prong of the Strickland test for the reasons stated by the district court. Therefore, Bonds has failed to establish ineffective assistance of counsel due to inadequate investigation.
 
 
 11
 The district court correctly concluded that notice under 21 U.S.C. Sec. 851 is not required when a defendant is sentenced pursuant to the Sentencing Guidelines; the requirements of Sec. 851 are relevant only in cases of statutory enhancement under 21 U.S.C. Sec. 841(b)(1). See United States v. Meyers, 952 F.2d 914, 919 (6th Cir.), cert. denied, 503 U.S. 994 (1992). Consequently, counsel's performance was not deficient and no prejudice was suffered.
 
 
 12
 Finally, the district court did not err by not conducting an evidentiary hearing because the files and records of this case conclusively show that Bonds is not entitled to relief. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 13
 Accordingly, the district court's judgment, entered on November 16, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation