UNITED STATES of America, Plaintiff–Appellee,

v.

Norman MEYERS, Defendant–Appellant.

No. 91–1085.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 26, 1991.

Decided Jan. 2, 1992.

---

G. Gregory Schuetz (argued and briefed), Amy B. Hartmann, Office of U.S. Atty., Detroit, Mich., for plaintiff-appellee.

Jill L. Price, Richard M. Helfrick, Richard J. O'Neill (argued and briefed), Federal Public Defenders Office, Detroit, Mich., for defendant-appellant.

Before MARTIN and JONES, Circuit Judges, and LIVELY, Senior Circuit Judge.

BOYCE F. MARTIN, JR., Circuit Judge.

A jury convicted Norman Meyers of distribution of cocaine and possession of a firearm by a felon under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1), respectively. The district court sentenced Meyers to fourteen years in prison, three years of supervised release, and a special assessment of $200.00. On appeal, Meyers argues that the trial court abused its discretion in admitting, for the purposes of impeachment, evidence of a 1984 conviction for armed robbery. Meyers alleges that the Government deprived him of a fair trial by using inflammatory language during its opening and closing statements; that the government failed to follow the procedural requirements of 21 U.S.C. § 851(a)(1) by not filing an information with the court detailing which prior convictions were being relied upon to enhance his sentence; and that the district court abused its discretion in deciding not to grant a downward departure under the Federal Sentencing Guidelines for Meyers' Section 5K2.12 duress defense. For the following reasons, we affirm.

## IMPEACHMENT EVIDENCE

Meyers testified that on three different occasions during April 1990 he sold "crack" cocaine to the same undercover FBI agent. During this time Meyers, who had been convicted of armed robbery in 1984, lent the FBI agent a shotgun, which Meyers had in his possession. Before trial, Meyers stipulated that he had a prior felony conviction. At the same time, Meyers moved to exclude evidence of his prior conviction, arguing that the evidence would be more prejudicial than probative. The district court denied Meyers' motion.

■ Meyers argues that the district court erred in admitting the evidence because it was more prejudicial than probative. At the time of Meyers' trial, Rule 609(a) of the Federal Rules of Evidence provided:

For purposes of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the defendant was convicted, and the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the defendant. . . .

Fed.R.Evid. 609.[1] Rule 609(b) establishes a time limit for impeaching evidence of felony convictions. Felony convictions may only be used to impeach if the conviction or the release from imprisonment under that conviction occurred within the last ten years. *Id.* The district court determined that Meyers' 1984 conviction for armed robbery qualified as admissible impeachment evidence under 609(a)(1) and we concur.

■ In reviewing the district court's decision to allow the impeaching evidence under Fed.R.Evid. 609(a)(1), we determine whether the district court abused its discretion. *United States v. Moore*, 917 F.2d 215, 234 (6th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1590, 113 L.Ed.2d 654 (1991). Meyers argues that the district court abused its discretion in failing to properly balance the probative value of the testimony against its prejudicial impact. Specifically, Meyers argues that in balancing the two concerns, the court should have employed the five factors espoused in *Gordon v. United States*, 383 F.2d 936 (D.C.Cir.1967), *cert. denied*, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968). These five factors are (1) the impeachment value of the prior crime, (2) the point in time of the conviction and the witness' subsequent history, (3) the similarity between the past crime and the charged crime, (4) the importance of the defendant's testimony, and (5) the centrality of the credibility issue. *Id.* at 940. In the past, while we have taken notice of the *Gordon* test, we have held that in order to admit impeaching evidence

1. Rule 609(a)(1) was amended effective December 1, 1990, but these changes do not affect the requirement of balancing prejudicial impact and probative value.

of a prior conviction under Rule 609, a court must make an on-the-record finding based on the facts that the conviction's probative value substantially outweighs its prejudicial impact. *Moore*, 917 F.2d at 234 (citing *United States v. Mahler*, 579 F.2d 730, 734 (2d Cir.1978)).

In this instance, the district court clearly adhered to this directive. After hearing arguments from Meyers and the Government concerning admission of the evidence, the district court specifically stated on the record that the prejudicial impact did not outweigh the probative value. Also, the district court explicitly instructed the jury not to consider the conviction as evidence of Meyers' character. We find, therefore, that the district court did not abuse its discretion in admitting Meyers' prior conviction.

### INFLAMMATORY LANGUAGE

Meyers has alleged that two statements made by the Government during its opening and closing statements were "plain error," depriving him of a fair trial. Meyers did not object to the statements during the trial and raises the issue for the first time on appeal.

■ By failing to object to the allegedly inflammatory remarks during trial, Meyers waived any objection to the remarks on appeal unless the remarks constituted "plain error or [a] defect ... affecting substantial rights." Fed.R.Crim.P. 52(b). The Supreme Court has defined "plain error" for purposes of Rule 52(b) as error that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038, 1046, 84 L.Ed.2d 1 (1985). Courts of Appeals "may correct only 'particularly egregious errors.'" *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982)).

In explaining the plain error standard, we have stated that "inappropriate remarks by the prosecutor do not alone justify reversal of a criminal conviction in an otherwise fair proceeding, as long as the jury's ability to judge the evidence fairly remains intact." *United States v. Castro*, 908 F.2d 85, 89 (6th Cir.1990). Prosecutorial misconduct and improper arguments must be "so pronounced and persistent that [they] permeate[ ] the entire atmosphere of the trial." *Id.*

■ During its opening statement the Government stated:

> The Government will present evidence that the defendant ... knowingly, intentionally and voluntarily dealt crack cocaine, a killer drug that's destroying young minds and extinguishing young lives at an alarming rate in our community.

Trial Transcript 27. During its closing statement, the Government stated:

> Norman Meyers, a convicted felon, a man who was convicted of armed robbery in 1984, wants all of you to believe that he was the person who was victimized in this case.

Trial Transcript 161–162. The Government concedes that the first of the two statements was inappropriate and unnecessary, but argues that the statements did not interfere with the fairness of Meyers' trial.

On appeal, these are the only challenged statements. Examining the record, we find that these two remarks do not rise to the level of plain error as defined by the Supreme Court in *Young* and this court in *Castro*. The trial was not permeated by prosecutorial misconduct. The two statements in the context of the entire trial did not taint the proceedings so as to prevent a fair trial. Therefore, we find that the Government's statements did not constitute plain error.

### FAILURE TO FILE INFORMATION UNDER 21 U.S.C. § 851(a)(1)

Meyers argues that the United States failed to file an information with the court detailing which prior convictions the government would rely upon for sentencing enhancement as required by 21 U.S.C. § 851(a)(1). Under section 841(b)(1), a court may enhance a criminal defendant's sentence if the defendant has prior drug-

related convictions. Section 851(a)(1) allows criminal defendants who face enhanced sentences under section 841 to challenge, at the time of sentencing, the existence and validity of the prior convictions. Meyers asks this court to remand his case for resentencing.

The government argues that Meyers' sentencing under Sentencing Guideline § 4B1.1 as a career offender was not an "enhanced sentence" for purposes of section 851(a)(1). According to the government, the provisions of section 851(a)(1) apply solely and specifically to sentence enhancements that occur under section 841(b)(1). Under section 841(b)(1), sentences for drug-related offenses may be enhanced for prior *drug-related* convictions. The government argues that unlike increased sentences under section 841(b)(1), sentencing as a career offender under the Sentencing Guidelines is not an enhanced sentence.

Title 21 of U.S.C. §§ 841–852 comprises the Offenses and Penalties portion of the Control and Enforcement provisions of the Controlled Substances Act. Section 841(b)(1)(C) provides, *inter alia,* for enhancement of sentences based on prior drug-related convictions:

> If any person commits such a [drug-related] violation after one or more prior convictions for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of a State, the United States or a foreign country relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment which may not be less than ten years....

Under this portion of section 841, the minimum statutory sentence of five years is doubled for prior drug-related convictions. Sections 849–851 provide additional procedures for sentencing under this act. Section 851(a)(1) provides specifically for situations where the court is going to enhance a sentence based on prior convictions, and states in relevant part:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

■ By itself, the language of section 851(a)(1) suggests that whenever the court uses *any* prior conviction to enhance a sentence under section 841(b)(1), the government must file an information. However, to correctly interpret statutory language, we must look at the specific statutory language as well as the language and design of the statute as a whole. *See Sullivan v. Everhardt,* 494 U.S. 83, 110 S.Ct. 960, 964, 108 L.Ed.2d 72 (1990). Thus, if we read section 851(a)(1) in context of the entire act, it would appear that the protections of section 851(a)(1) are only invoked where a sentence is statutorily enhanced under the provisions of section 841(b)(1). The government argues that an additional threshold requirement for the invocation of section 851 is that sentence enhancement must be predicated on prior *drug-related* convictions as prescribed by section 841(b)(1). In Meyers' case, his sentence was not enhanced according to the prior drug-related conviction provision of section 841(b)(1), but instead, his sentence was calculated under the Sentencing Guideline that calls for an increase in offense level for career offenders. Meyers was twice previously convicted for armed robbery.

Meyers argues that the plain language of section 851(a)(1) requires that whenever a conviction under section 841(b)(1) is enhanced, including enhancement under the Sentencing Guidelines, the United States Attorney must file an information with the court and the defendant. Under the Sentencing Guidelines there is no requirement that an information be filed in order to apply the career offender provisions. *United States v. Wallace,* 895 F.2d 487, 490 (8th Cir.1990).

Meyers chiefly relies upon our decision in *United States v. Williams,* 899 F.2d 1526 (6th Cir.1990). In *Williams,* a criminal defendant, who had prior drug-related convictions, pleaded guilty to possession of cocaine with intent to distribute. The defendant entered into a plea agreement with the government, which under the Sentencing Guidelines, was not binding on the court. The government and the defendant agreed upon an adjusted Sentencing Guidelines offense level of 24, for which the defendant would have served 51–63 months. At the sentencing hearing, the court ignored both the plea agreement and the suggested offense level. The court, applying the enhanced sentence provision of section 841(b)(1), ordered the defendant to serve ten years, stating, "This man has a previous record in narcotics. He didn't learn his lesson then. I am unwilling to take any chances with him now." *Williams,* 899 F.2d at 1529. The court did not inform the defendant that it was relying on prior drug-related convictions and the defendant was not given an opportunity to challenge the sentences. On appeal, this court correctly held that the district court failed to provide the mandatory safeguards of section 851(a)(1) when it enhanced the defendant's sentence based on his prior drug-related convictions. *Id.* at 1529 (citing *United States v. Noland,* 495 F.2d 529, 533 (5th Cir.), *cert. denied,* 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181 (1974)). The remand ordered the district court to resentence the defendant in accordance with section 851 which required the filing of an information under section 841. *Williams,* 899 F.2d at 1529.

██ The issue before us presents a different case, both factually and legally, than *Williams.* In the present case, the underlying convictions were armed robberies and not drug-related offenses. In the present case, the district court did not statutorily enhance Meyers' sentence under section 841(b)(1). The district court determined Meyers' sentence under the Sentencing Guidelines, arriving at a base level for the offense and then adjusted for Meyers' status as a career offender under section 4B1.1. Thus, the question before us is

very narrow and specific: whether a district court, sentencing a criminal defendant under the Sentencing Guidelines and applying the section 4B1.1 career offender increase in offense level for non drug-related prior convictions, is required to enforce prosecutorial adherence to the mandatory procedural provisions of section 851(a)(1).

From our review of the record, it is clear that the court did not increase Meyers' sentence under the provisions of section 841(b)(1). Nor does the career offender provision of the Sentencing Guidelines provide for the mandatory filing of an information. *See Wallace,* 895 F.2d at 490. The court could not have enhanced Meyers' sentence under the terms of section 841(b)(1) because Meyers' prior convictions were not drug-based nor drug-related. In *Williams,* the court applied the enhancement provisions of section 841 and ignored the requirements of section 851. In the present case, the court did not utilize a section 841(b)(1) enhancement but instead increased the base offense level under the Sentencing Guidelines career offender provision.

Our holding in this issue is narrow and factually specific. We do not believe that the mandatory protections of section 851 apply to convictions under section 841 when courts sentence defendants under the Sentencing Guidelines and an increase in sentence length occurs as a result of career-offender status based on non drug-related prior convictions. *Cf.* 21 U.S.C. 841(b)(1) (recidivist provisions for enhanced sentences based on prior drug-related convictions).

## DOWNWARD DEPARTURE UNDER DURESS DEFENSE

The final issue on appeal concerns Meyers' allegation that the district court erred in refusing to make a downward departure under the Sentencing Guidelines based on his duress defense. The Sentencing Guidelines provide that a court *may* depart downward if the court finds that the defendant committed the offense because of serious coercion that does not amount to a

complete defense. United States Sentencing Commission, *Guidelines Manual,* § 5K2.12 (Nov.1990).

We have held that the failure to depart downward is not directly cognizable on appeal under 18 U.S.C. § 3742(a) if (1) the district court properly computed the guideline range, (2) the district court was not unaware of its discretion to depart downward from the guideline range, and (3) the district court did not impose the sentence in violation of law or as a result of the incorrect application of the Sentencing Guidelines. *United States v. Davis,* 919 F.2d 1181, 1187 (6th Cir.1990). *See also United States v. Sawyer,* 902 F.2d 1217, 1221 n. 5 (6th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2895, 115 L.Ed.2d 1059 (1991); *United States v. Draper,* 888 F.2d 1100, 1105 (6th Cir.1989).

 The downward departure under section 5K2.12 is discretionary, not mandatory. Reviewing the record below, we find that the court was properly aware of all the discretion possessed under the Sentencing Guidelines; properly computed the Sentencing Guidelines range; did not impose the sentence in violation of the law; and did not apply the Sentencing Guidelines incorrectly. The district court heard Meyers' arguments concerning duress and was well aware that it could depart downward based on the duress argument if it so chose. After hearing the arguments, the district court chose not to depart downward and we see no legal error.

Meyers' other claims are without merit and we affirm the judgment.

NATHANIEL R. JONES, Circuit Judge, concurring.

I concur in the portion of the majority opinion that discusses the failure to file an information under 21 U.S.C. § 851 (1988) and in the remainder of the opinion. I write separately only to note that the majority properly interprets *United States v. Williams,* 899 F.2d 1526 (6th Cir.1990) as a case of statutory sentencing rather than guideline sentencing. Accordingly, *Williams* does not stand for the proposition that an information is required in cases of guideline sentencing and, thus, the following cases are incorrect in construing *Williams* as contrary to their holdings: *United States v. Novey,* 922 F.2d 624, 627 (10th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2861, 115 L.Ed.2d 1028 (1991); *United States v. Marshall,* 910 F.2d 1241, 1245 (5th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 976, 112 L.Ed.2d 1061 (1991); *Hansen v. United States Parole Comm'n,* 904 F.2d 306, 309 (5th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 765, 112 L.Ed.2d 784 (1991).