979 F.2d 852
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Aubrey Lamar WEST, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3115.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1992.
 
 Before KEITH, DAVID A. NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Aubrey Lamar West appeals the district court's judgment granting in part and denying in part his motion to vacate his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, West pleaded guilty to possession of crack cocaine with intent to distribute and carrying a firearm during and in relation to a drug trafficking offense. The district court sentenced West to 114 months imprisonment. West did not file a direct appeal.
 
 
 3
 West then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 alleging that: 1) the district court lacked jurisdiction over his conviction; 2) the district court failed to inform him of his right to appeal his sentence; and 3) the prosecutor failed to give notice of West's sentence enhancement for a prior criminal history. The magistrate judge concluded that issues one and three were without merit but that the district court had erroneously failed to inform West of his right to appeal his sentence. Therefore, the magistrate judge recommended that the district court vacate West's sentence and re-sentence him. The district court adopted the magistrate judge's report and recommendation, denied West's § 2255 motion on his first and third grounds, vacated his sentence pursuant to the second ground, and re-sentenced West to 114 months imprisonment. West has filed a timely appeal from his sentence. On appeal, his counsel has filed an Anders brief and a motion to withdraw. West has responded by filing a pro se brief.
 
 
 4
 Upon review, we affirm the district court's judgment. Initially, we note that the district court clearly had jurisdiction over West's convictions in this case as the quantity of the controlled substance possessed by the defendant was sufficient for conviction pursuant to 21 U.S.C. § 841(a)(1). United States v. Rigsby, 943 F.2d 631, 640 (6th Cir.1991), cert. denied, 112 S.Ct. 1269 (1992).
 
 
 5
 Further, we determine that the district court properly sentenced West. The provisions of 21 U.S.C. § 851 do not apply to this case because West's sentence was not enhanced pursuant to 21 U.S.C. § 841(b)(1) but rather was imposed pursuant to the provisions of the Sentence Guidelines. United States v. Meyers, 952 F.2d 914, 918-19 (6th Cir.), cert. denied, 112 S.Ct. 1695 (1992).
 
 
 6
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.