992 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone EATON, Defendant-Appellant.
 No. 92-3846.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1993.
 
 Before GUY and NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Tyrone Eaton, by counsel, appeals his sentence imposed following his conviction on two counts of bank robbery in violation of 18 U.S.C. § 2113(a). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Additionally, counsel for both parties have agreed to waive oral argument.
 
 
 2
 Eaton pleaded guilty to two counts of bank robbery. Prior to sentencing, Eaton sought a downward departure under U.S.S.G. § 5K2.12 based on duress. He testified at sentencing that he had been threatened by another individual who believed that Eaton owed him money for drugs. Eaton stated that he sought only enough money to pay the alleged debt and remove the threat to his own and to his family's safety.
 
 
 3
 The district court denied the motion for a downward departure after finding that Eaton had recourse through filing a complaint with the police and that it was not a solution to rob two banks to produce the money for the drug debt. The district court imposed a sentence of sixty months imprisonment and three years supervised release. Eaton also was ordered to pay a $100 special assessment and restitution of the total amount taken during the two robberies. This appeal followed.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion by denying the motion for a downward departure based on duress. A downward departure under U.S.S.G. § 5K2.12 is discretionary, not mandatory. United States v. Meyers, 952 F.2d 914, 919 (6th Cir.), cert. denied, 112 S.Ct. 1695 (1992). The failure to depart is not reviewable on appeal if (1) the district court properly computed the guideline range, (2) the district court was aware of its discretion to depart downward from the range, and (3) the district court did not impose the sentence in violation of law or as a result of an incorrect application of the Sentencing Guidelines. Id. at 920.
 
 
 5
 Eaton argues that the district court erroneously believed that a downward departure for duress was not available to a defendant threatened by a third party unless the defendant first files a criminal complaint against the third party. Eaton's argument is not supported by the record. Contrary to Eaton's argument, the district court did not require that he first seek recourse by calling the police; the district court determined only that the failure to do so, under the circumstances presented here, was not reasonable. The district court was aware of its discretion to depart from the guidelines, properly computed the guideline range, did not impose the sentence in violation of the law, and did not apply the guidelines incorrectly.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.