996 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin MURPHY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 92-6623, 92-6624 and 92-6625.
 United States Court of Appeals, Sixth Circuit.
 June 30, 1993.
 
 1
 Before: NELSON and SUHRHEINRICH, Circuit Judges, and EDMUNDS, District Judge.*
 
 OPINION
 
 2
 Kevin Murphy, a pro se federal prisoner, appeals from the district court judgment granting his motion to correct sentence filed under 28 U.S.C. § 2255. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Murphy entered a guilty plea to possession with intent to distribute cocaine and was sentenced to ninety-two months imprisonment. In this motion, Murphy argued that his counsel was ineffective in failing to object to the erroneous inclusion of two convictions in his pre-sentence report and that the court erred in enhancing his sentence based on prior convictions because he had not been afforded notice under 21 U.S.C. § 851(a)(1). The government conceded that two convictions had been erroneously included in the pre-sentence report. Accordingly, a new sentencing hearing was held, and Murphy was resentenced to seventy-eight months imprisonment. On appeal, he continues to assert that he was entitled to notice of the intent to rely on prior convictions under 21 U.S.C. § 851(a)(1). He also argues that consideration of his prior convictions in imposing this sentence violates the ex post facto clause.
 
 
 4
 Upon review, we find no error by the district court. Murphy was properly resentenced after deleting the two convictions of which he complained from his criminal history. He was not entitled to notice of the intent to rely on prior convictions under 21 U.S.C. § 851(a)(1) because the prior convictions were not used to increase the statutory minimum or maximum penalty. See United States v. Meyers, 952 F.2d 914, 918 (6th Cir.), cert. denied, 112 S.Ct. 1695 (1992). The ex post facto argument raised by Murphy in his appellate brief need not be addressed, as it was not raised in the district court. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nancy G. Edmunds, U.S. District Judge for the Eastern District of Michigan, sitting by designation