16 F.3d 1221
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William ECHENIQUE, Defendant-Appellant.
 No. 93-1064.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1994.
 
 Before: KEITH and RYAN, Circuit Judges; and JOHNSTONE, Senior District Judge*.
 PER CURIAM.
 
 
 1
 Echenique was convicted in the district court of conspiracy to possess with intent to distribute and distribution of 5 to 15 kilograms of cocaine. He appeals his sentence on the following grounds:
 
 
 2
 1. That the trial court abused its discretion in failing to impose a sentence below the guideline range after the government moved for downward departure. This argument fails because a sentence within the Guideline range is not appealable on grounds that the court failed to depart downward. United States v. Velez, 1 F.3d 386 (6th Cir.1993).
 
 
 3
 2. That the trial court improperly sentenced him as a career offender under the Guidelines, i.e., one with at least two prior felony convictions, even though the parties had filed a notice pursuant to 21 U.S.C. Sec. 851 informing the court that the U.S. would seek enhanced punishment based on only one prior conviction. This argument fails because the Sec. 851 information is prerequisite only to enhancements made pursuant to 21 U.S.C. Sec. 841(b); not to those made pursuant to the Guidelines. U.S. v. Meyers, 952 F.2d 914 (6th Cir.19923). The transcript of the sentencing hearing reflects that the trial judge enhanced Echenique's sentence as a career offender pursuant to U.S.S.G. Sec. 4B1.1, not 21 U.S.C. Sec. 841(b).
 
 
 4
 3. That the career offender enhancement pursuant to Sec. 4B1.1 was improper because 28 U.S.C. Sec. 994(h)(1)(B), the "enabling statute" for that Guideline, limits its application to defendants whose instant offense is described in one of the statutes listed in 994(h). These include 21 U.S.C. Sec. 841, which prohibits possession and sale of controlled substances, but do not include 21 U.S.C. Sec. 846, which prohibits, inter alia, conspiracies to violate 21 U.S.C. Sec. 841. Echenique contends that his only offense of conviction is a violation of 21 U.S.C. Sec. 846 and thus cannot be used to support a career offender enhancement.
 
 
 5
 This argument is moot because Echenique was convicted not only of conspiracy, but of distributing a controlled substance, an offense described in 21 U.S.C. Sec. 841. The judgment form lists only one count, but states the nature of the offenses within that count to be "Conspiracy to Possess with Intent to Distribute and Distribution of 5 to 15 Kilograms of Cocaine." Joint Appendix at 16. This language describes two violations, conspiracy and distribution.
 
 
 6
 It is true that the judgment form cites only 21 U.S.C. Sec. 846. However, the Information lists violations of both Sec. 841 and Sec. 846, and the Presentence Report states that Echenique admitted to investigating officers that he actually distributed cocaine. Joint App. pp. 14, 45-50. Most importantly, the trial judge orally sentenced Echenique for "conspiracy to possess with intent to distribute and the distribution of between five and fifteen kilograms of cocaine." Joint App.. pp. 87-88. An unambiguous oral sentence controls a written judgment form. U.S. v. Villano, 816 F.2d 1448 (10th Cir.1987). Although the better practice would have been to have shown both statutes on the face of the Judgment, the omission does not defeat the career offender enhancement.
 
 
 7
 The district court's judgment is AFFIRMED.
 
 
 
 *
 Hon. Edward H. Johnstone, Senior District Judge, Western District of Kentucky, sitting by designation