35 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norman MEYERS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1197.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1994.
 
 Before: MARTIN, NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Norman Meyers appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, a jury convicted Meyers of three counts of distributing cocaine and one count of possession of a firearm by a felon. The district court sentenced Meyers to 168 months of imprisonment on the cocaine distribution counts and a concurrent term of 120 months of imprisonment on the firearm count. On appeal, this court affirmed the district court's judgment of conviction and sentence. United States v. Meyers, 952 F.2d 914 (6th Cir.), cert. denied, 112 S.Ct. 1695 (1992).
 
 
 3
 In 1993, Meyers filed a motion to vacate sentence, alleging that he received ineffective assistance of trial counsel because: 1) his counsel improperly admitted Meyers's guilt of the firearm charge to the jury, and 2) counsel failed to introduce evidence that Meyers was gainfully employed at the time he allegedly committed drug sales. In its response, the government argued that Meyers's ineffective assistance claims were without merit. The government also noted that, in light of certain retroactive amendments to U.S.S.G. Sec. 4B1.1, Meyers was entitled to a reduction in his sentence on the firearm count. The district court determined that Meyers's ineffective assistance claims were without merit. Upon consideration of the retroactive amendment to U.S.S.G. Sec. 4B1.1, the district court reduced Meyers's sentence on the firearm charge from 120 months of imprisonment to 85 months of imprisonment, which was to run concurrently with the 168 months of imprisonment imposed on the other counts. Meyers has filed a timely appeal from the district court's decision, challenging the denial of his ineffective assistance of counsel claims.
 
 
 4
 Upon review, we conclude that the district court properly denied Meyers's Sec. 2255 motion. Meyers has not shown a fundamental defect in the proceedings that inherently resulted in a complete miscarriageof justice or an error so egregious that it amounted to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Meyers has not established that he received ineffective assistance of counsel, because he has not shown that either his counsel's performance was deficient or that the deficient performance prejudiced his defense as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). We decline to second guess counsel's trial strategy of acknowledging Meyers's guilt on the firearm charge. Further, Meyers has not demonstrated that he was prejudiced by his counsel's failure to introduce evidence of his employment.
 
 
 5
 Accordingly, we affirm the judgment for the reasons set forth in the district court's memorandum opinion and order filed on January 27, 1994. Rule 9(b)(3), Rules of the Sixth Circuit.