NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0712n.06
Filed: November 19, 2008

No. 07-6135

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| LEMUEL FRAZIER | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before:  GIBBONS and COOK, Circuit Judges; and STEEH, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.**  Lemuel Frazier appeals his conviction from

the United States District Court for the Eastern District of Kentucky for distribution of crack cocaine,

conspiracy to distribute cocaine, possession of crack cocaine with the intent to distribute, possession

of a firearm to further drug trafficking, and possession of a firearm as a felon.  He appeals his

conviction on two grounds, claiming that the district court abused its discretion by allowing him to

be impeached by mention of his prior felony conviction, and that his conviction violates his

constitutional right to possess a firearm for protection.

For the reasons outlined below, we affirm Frazier's conviction and the judgment of the

district court.

_____

[*]The Honorable George Caram Steeh, United States District Judge for the Eastern District
of Michigan, sitting by designation.

I.

This case arises from a series of drug transactions involving Frazier, Chris Lee, and confidential informant Justin Inman. On October 2, 2006, Inman told the Northern Kentucky Drug Strike Force ("NKDSF") that Lee was able to obtain and sell him crack cocaine. On the same day, agents with NKDSF arranged for Inman to buy $300 worth of crack cocaine from Lee. On October 23, 2006, agents arranged for Inman to buy $400 worth of crack cocaine from Lee. On November 8, 2006, agents again arranged for Inman to buy crack cocaine from Lee, this time in the amount of $800. Lee called his supplier Frazier, who said that he did not have enough crack cocaine, but that he could obtain the full amount if Lee arranged transportation for them. Lee borrowed a car from his friend and picked Frazier up; Frazier then directed him to drive to Cincinnati. In Cincinnati, they went to one of Frazier's friend's apartments, where Frazier received a phone call. Frazier left for a few minutes, and then he returned with a bag of crack cocaine. Frazier and Lee drove back to Kentucky, and Lee invited Inman to meet him at Lee's house to pick up the crack cocaine.

With agents waiting nearby, Inman went into Lee's house and bought crack cocaine from Lee, who said that his supplier was waiting in the car. Inman left Lee's house with the cocaine, and Lee returned to the car to pay Frazier his share of the money. After Lee returned to the car, the agents approached the car and observed Lee and Frazier in the front seat. The agents saw Frazier take a gun out of his waistband, drop the magazine onto the floor of the car, and place the gun under the seat. Both Lee and Frazier were arrested, and Lee gave a statement to the police that night. Lee

and Frazier were first charged in state court, and then their cases were later indicted in federal court. Lee pled guilty and offered to cooperate.

Frazier denied any wrongdoing and went to trial. When Assistant United States Attorney Anthony Bracke learned that Frazier intended to testify, he asked for a ruling from the bench on whether he could impeach Frazier by mentioning his prior felony for possession of a handgun by a convicted felon. The district court identified the issue as governed by Federal Rule of Evidence 609(a)(1) ("Rule 609(a)(1)") and said that it would make a determination from the bench if the issue arose during Frazier's testimony. Frazier testified that he was in Lee's car because he wanted to buy pills for personal use from Lee. Frazier further testified that he did not conspire with Lee to sell crack cocaine and that the gun found in the car was not his. At this point, Bracke asked for a ruling from the bench on whether he could impeach Frazier with his prior conviction for possession of a gun by a felon. The court analyzed several of the factors mentioned by *United States v. Meyers*, 952 F.2d 914, 916 (6th Cir. 1992), and determined that 1) the existence of the similarity of the offenses could be prejudicial; 2) a prior felony conviction has some impeachment value; and 3) Frazier had placed credibility at issue by refuting the police officers' testimony. The court concluded:

> Under these circumstances, in looking at these factors, while there is certainly a prejudicial effect of impeachment evidence, I do not believe that the probative value of admitting the evidence outweighs the prejudicial effect to Mr. Frazier. The defendant's objection to the use of this conviction for purposes of 609(a)(1) will be overruled.[1]

---

[1] It should be noted that Frazier's evidentiary appeal stems, in part, from the conflict between the district court's statement that the probative value of the evidence does not outweigh its prejudicial effect and its immediately subsequent overruling of the objection.

Transcript of Trial at 287, *United States v. Frazier*, No. 2:07 CR-23-DLB (E.D. Ky. May 21, 2007). After the court's ruling, Bracke asked Frazier if he was convicted for the felony charge of possession of a handgun by a convicted felon, and Frazier admitted that he had been. The court gave a limiting instruction to the jury at that time and also subsequently as part of jury instructions.

A jury found Frazier guilty of 1) aiding and abetting the distribution of crack cocaine, 2) conspiracy to distribute crack cocaine, 3) possession of a firearm in furtherance of a drug trafficking crime, and 4) being a convicted felon in possession of a firearm. On September 6, 2007, Frazier was sentenced to 157 months imprisonment with 4 years of supervised release. Frazier timely appealed to this court.

II.

The appropriate standard for reviewing a district court's decision to admit prior convictions as evidence for impeachment purposes is abuse of discretion . *United States v. Gaitan-Acevedo*, 148 F.3d 577, 591 (6th Cir. 1998); *Meyers*, 952 F.2d at 916 ("In reviewing the district court's decision to allow the impeaching evidence under Fed. R. Evid. 609(a)(1), we determine whether the district court abused its discretion.").

As for Frazier's argument that his conviction violates the Second Amendment, the parties agree that Frazier did not raise this constitutional challenge at the trial level. "While constitutional challenges are typically reviewed de novo, when the argument was not raised at the district court 'Sixth Circuit precedent requires application of the plain error standard.'" *United States v. Dedman*, 527 F.3d 577, 591 (6th Cir. 2008) (quoting *United States v. Barton*, 455 F.3d 649, 652 (6th Cir. 2006)). Plain error review entails first determining whether there was an error in the district court.

*United States v. Martin*, 438 F.3d 621, 628 (6th Cir. 2006) (quoting *United States v. Thomas*, 11 F.3d 620, 630 (6th Cir. 1993)). If there was no error, the analysis ends. *Id*. If there was an error, the court must next determine whether the error was plain. *Id*. To show plain error, an appellant must establish that "(1) an error occurred; (2) the error was obvious or clear; (3) the error affected his substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Cline*, 362 F.3d 343, 348 (6th Cir. 2004) (citing *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998)).

A.

Frazier first claims that the district court erred in allowing evidence of Frazier's conviction for possession of a firearm by a prior felon to impeach him. Impeachment by use of a prior crime is governed by Federal Rule of Evidence 609, which states: "[E]vidence that an accused has been convicted of such a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). Adopting the reasoning of the leading case, *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967), we have espoused the following factors as pertinent to the trial judge's determination of the admissibility of a prior felony for impeachment purposes: "(1) The impeachment value of the prior crime. (2) The point in time of the conviction and the witness' subsequent history. (3) The similarity between the past crime and the charged crime. (4) The importance of the defendant's testimony. [and] (5) The centrality of the credibility issue." *United States v. Moore*, 917 F.2d 215, 234 (6th Cir. 1990); *see also United States v. Sims*, 588 F.2d 1145, 1149 (6th Cir. 1978). While noting that consideration of these factors is not

mandatory, we have required trial judges to make a finding on the record that the conviction's probative value outweighs its prejudicial effect. *Meyers*, 952 F.2d at 916-17.

Frazier argues that the district court erred in admitting the evidence of his prior conviction because its effect was more prejudicial than probative. As mentioned above, Rule 609(a)(1) gives discretion to the trial judge to make a determination of whether the probative value of the evidence outweighs its prejudicial effect. In this case, the district court referred to several of the *Gordon* factors in making its decision. It found that the impeachment value of the prior felony was existent, but not overwhelming: "This isn't a crime of truth or veracity, so I think a prior felony conviction has some impeachment value. I can perhaps debate the value of that." Transcript of Trial at 286, *United States v. Frazier*, No. 2:07 CR-23-DLB (E.D. Ky. May 21, 2007). It agreed with Frazier on the third factor, that the similarity of the crime weighed against admitting the evidence. Frazier was charged with, *inter alia*, possession of a firearm as a prior felon. The prior felony admitted as impeachment evidence was Frazier's 2003 conviction for possession of a firearm as a prior felon. When the prior conviction is "the very same crime," *id*., it should be admitted as impeachment evidence "sparingly." *Gordon*, 383 F.2d at 940.[2]

---

[2] Frazier argues that courts "have disallowed the use of similar crimes for the purposes of impeachment under Rule 609." Brief of Defendant-Appellant at 14-15, *United States v. Frazier*, No. 2:07 CR-23-DLB (E.D. Ky. May 21, 2007). He cites two cases for this proposition: *United States v. Beahm*, 664 F.2d 414 (4th Cir. 1981) and *United States v. Puco*, 453 F.2d 539 (2d Cir. 1971). Both cases are inapposite. In *Beahm*, the Fourth Circuit found that a trial court abused its discretion by allowing a sodomy conviction from eleven years prior to be admitted as impeachment evidence because the prior conviction was not within ten years of trial and the trial court failed to make any express finding that the probative value of the conviction outweighed its prejudicial effect. 664 F.2d at 417-19. In *Puco*, the Second Circuit engaged in a multi-factored analysis similar to that recommended by *Gordon* and this court, including a consideration of the nature of the conviction as one but not the only factor. The Second Circuit found that the trial judge abused his discretion

These factors, however, are not the only ones included in a Rule 609 analysis.  The district court proceeded to address whether the defendant had placed his credibility at issue.  It described Frazier's refutation of the prosecution's statement of the facts.  It concluded that by denying ownership of the drugs and gun and by testifying that he was with Lee only to purchase pills for recreational use, Frazier "placed credibility squarely at issue."  Transcript of Trial at 286, *United States v. Frazier*, No. 2:07 CR-23-DLB (E.D. Ky. May 21, 2007).  The court then declared that the defendant's objection to the admissibility of the evidence for impeachment purposes was overruled.

The district court did not discuss the second *Gordon* factor, which is an analysis of the date of the prior conviction and the defendant's subsequent history.  This court does not require trial judges to consider every *Gordon* factor.  *Meyers*, 952 F.2d at 916-17.  Indeed, the consideration of this factor would only have tilted the balance further towards admissibility since the prior conviction was only four years prior, undeniably within the ten-year limit of Rule 609(b), and Frazier had also been charged with possession of marijuana since that conviction.

The district court also did not thoroughly analyze the fourth *Gordon* factor, the importance of the defendant's testimony.  Although mentioning it as a consideration, the court did not explicitly state its conclusion on this factor.  Again, the failure to address conclusively each *Gordon* factor is not required, and in this case, this factor would also have pointed towards admissibility.  Frazier's testimony refuting his ownership of the crack cocaine and the gun found in the car was central to the case; if he did not own the cocaine or the gun, he could not be convicted of possession of drugs and

---

after "'taking into account such factors as the nature of the conviction, its bearing on veracity, its age, and its propensity to influence the minds of the jurors improperly.'" 453 F.2d at 541 (quoting *United States v. Palumbo*, 401 F.2d 270, 273 (2d Cir. 1968)).

a firearm.  The impeachment evidence was important to allow the jury to assess Frazier's testimony since his credibility was crucially determinative.

Thus, although the district court did not analyze all five *Gordon* factors, it considered three of them, and the inclusion of the remaining two would only have supported its finding.  Its decision to admit the evidence for impeachment purposes was therefore not an abuse of discretion.

Frazier further argues that even though the district court gave a limiting instruction to the jury both at the time the evidence was admitted to impeach Frazier and before jury deliberations, the instructions were insufficient to curb the prejudice effected by admitting the evidence.  Frazier is correct that such evidence can be prejudicial.  The tendency of jurors to punish defendants for their past conduct instead of their present indictment motivates the limiting instructions of Rule 609.  *Moore*, 917 F.2d at 235.  Nevertheless, Rule 609 permits the introduction of such evidence when the probative value outweighs the prejudicial effect.  The district court determined that this situation called for the admission of the evidence, and it properly gave a limiting instruction to confine the use of the evidence to impeachment purposes only.  We have found it "error to infer that the jury did not or could not follow the judge's clear instructions in this regard."  *Holmes v. City of Massillon*, 78 F.3d 1041, 1047 (6th Cir. 1996); *Greer v. Miller*, 483 U.S. 756, 767 n.8 (1987) ("We normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions.") (quoting *Richardson v. Marsh*, 481 U.S. 200, 208 (1987)).  Thus, once the court gave limiting instructions to the jury, we must presume that they were followed.

Frazier further contends that the district court's admission of the evidence is contrary to both the plain meaning of Rule 609(a)(1) and its own ruling. In the evidentiary hearing, the district court stated:

> So his credibility has been placed at issue, directly. Under these circumstances, in looking at these factors, while there is certainly a prejudicial effect of impeachment evidence, I do not believe that the probative value of admitting the evidence outweighs the prejudicial effect to Mr. Frazier. The defendant's objection to the use of this conviction for purposes of 609(a)(1) will be overruled.

Transcript of Trial at 286-87, *United States v. Frazier*, No. 2:07 CR-23-DLB (E.D. Ky. May 21, 2007). Frazier is correct that the district court did conclude that the probative value did not outweigh the prejudicial effect. In the context of the evidentiary hearing, however, it is clear that this declaration was a slip of the tongue. The court's immediately preceding statement was a finding in favor of admission based on the *Gordon* factor of whether the defendant has placed his credibility at issue. Notably, the court followed the conclusion that Frazier cites with a ruling that his objection will be overruled. If the court had actually meant that the probative value did not outweigh the prejudicial effect, it would have sustained the objection. Furthermore, after the United States impeached Frazier with his prior conviction, the court interrupted to give the jury a limiting admonition. The court thus anticipated and accepted the admission of Frazier's prior conviction into the record, neither of which could have occurred if it had actually concluded that the probative value did not outweigh the prejudicial effect.

Although the district court misstated its conclusion, it nevertheless acted within its discretion to find that Frazier's prior conviction was admissible as impeachment evidence. The purpose of Rule 609 is to provide trial judges with discretion, and "the very nature of judicial discretion

precludes rigid standards for its exercise." *Gordon*, 383 F.2d at 941. The court completed a reasoned analysis on the record based on several of the *Gordon* factors; it also promptly gave the jury a limiting admonition and subsequently gave the jury limiting instructions. Moreover, as the court noted at the conclusion of the trial, the prejudicial impact of the evidence was "minimal," since Frazier had already stipulated to his prior conviction. Transcript of Trial at 304, *United States v. Frazier*, No. 2:07 CR-23-DLB (E.D. Ky. May 21, 2007). Because we find that the trial judge did not abuse his discretion, we deny Frazier's request to reverse his conviction on this ground.

B.

Frazier's second challenge to his conviction stems from the Second Amendment. He claims that his conviction for possession of a firearm by a prior felon violates his Second Amendment right to possess a gun for protection purposes. The parties agree that Frazier raised this constitutional challenge for the first time on appeal. A constitutional challenge not raised at the district court level is reviewed for plain error. *Dedman*, 527 F.3d at 591. Under plain error review, we must first determine whether the district court erred. *Martin*, 438 F.3d 621, 628 (6th Cir. 2006). If there is no error, "'our inquiry is at an end.'" *Id*. (quoting *United States v. Thomas*, 11 F.3d 620, 630 (6th Cir. 1993)). If there is an error, the court must decide if the error was plain, if it affected substantial rights, and if the plain error "'seriously affected the fairness, integrity, or public reputation of judicial proceedings.'" *Id*.

The threshold question is thus whether the district court committed error, namely whether Frazier's conviction for possession of a firearm as a prior felon pursuant to 18 U.S.C. §§ 922(g)(1)

and 924(c)(1)(A)(i) violated his Second Amendment right.[3] The United States had argued that the district court did not err because the Second Amendment does not guarantee an individual right to bear arms. The Supreme Court resolved this issue after the briefs were submitted, holding that the Second Amendment does protect an individual's right to bear arms. *District of Columbia v. Heller*, __ U.S. __, 128 S.Ct. 2783 (2008). Nevertheless, the Supreme Court clarified that "the right secured by the Second Amendment is not unlimited." *Heller*, 128 S.Ct. at 2816. Justice Scalia, writing on behalf of the majority, explicitly stated that "nothing in [the] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Heller*, 128 S.Ct. at 2816-17.

We have long held congressional regulation of firearms constitutional. *See, e.g., United States v. Warin*, 530 F.2d 103, 107 (6th Cir. 1976) ("Even where the Second Amendment is applicable, it does not constitute an absolute barrier to the congressional regulation of firearms."). Indeed, we have also specifically found both 18 U.S.C.§§ 922 and 924 constitutional. *United States v. Calor*, 340 F.3d 428, 430-31(6th Cir. 2003) ("This Circuit has upheld the constitutionality of § 922(g)(8).") (collecting cases); *United States v. Dumas*, 934 F.2d 1387, 1388-90 (6th Cir. 1990) (rejecting a series of constitutional challenges to 18 U.S.C.§ 924); *United States v. Helton*, 86 Fed. App'x 889, 892 (6th Cir. 2004) (rejecting defendant's Second Amendment challenge to 924(c)). In

---

[3] Section 922(g)(1) states: "It shall be unlawful for any person – who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to possess in or affecting commerce, any firearm or ammunition."

Section 924(c)(1)(A)(i) states: "[A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm . . . shall, in addition to the punishment provided for such crime of violence or drug trafficking crime – be sentenced to a term of imprisonment of not less than 5 years."

*United States v. Napier*, 233 F.3d 394 (6th Cir. 2000), we dismissed the defendant's Second Amendment challenge, noting that "[e]very circuit court which has had occasion to address the issue has upheld § 922 generally against challenges under the Second Amendment." *Id*. at 403 (collecting cases); *see also United States v. Waller*, 218 F.3d 856, 857 (8th Cir. 2000) ("[I]t is now well-settled that Congress did not violate the Second Amendment in enacting [§ 922(g)(1)].")

The district court thus did not commit error in entering judgment against Frazier pursuant to 18 U.S.C.§§ 922 and 924 because his conviction is not in violation of the Second Amendment.

III.

For the foregoing reasons, we find that the district court did not abuse its discretion in admitting evidence of Frazier's past conviction to impeach him and that Frazier's constitutional challenge to his conviction is without merit. We affirm the judgment of the district court.