NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0205n.06

No. 22-5535

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
May 01, 2023
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| RAYMOND BRADLEY BRUSH, | ) | |
| Defendant-Appellant. | ) ) | OPINION |
| | ) ) | |

Before: GIBBONS, THAPAR, BUSH, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Raymond Brush pleaded guilty to conspiring to distribute and distributing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. The presentence investigation report (PSR) recommended an increased sentencing guidelines range of 262 to 327 months' imprisonment because of Brush's previous conviction for conspiring to commit arson in Kentucky. He objected to the enhancement, but the district court overruled his objection. On appeal, Brush challenges the district court's determination that the enhancement statute, 21 U.S.C. § 841(b)(1)(B), applies to him. Because the district court correctly interpreted the statute, we AFFIRM.

**I.**

Brush does not challenge the evidence or merits of his underlying methamphetamine convictions under 21 U.S.C. §§ 841(a)(1), 846. He challenges only the sentencing enhancement.

The relevant statute for Brush's enhanced sentence allows for increased penalties if a defendant has a "prior conviction for a serious drug felony or a *serious violent felony*." 21 U.S.C.

§ 841(b)(1)(B) (emphasis added).  According to 21 U.S.C § 802(58), which provides the relevant definitions for § 841, a "'serious violent felony' means an offense described in section 3559(c)(2) of Title 18 for which the offender served a term of imprisonment of more than 12 months."  Section 3559(c)(2) of Title 18 defines "'serious violent felony' [to] mean[] a Federal or State offense, by whatever designation and wherever committed, consisting of . . . extortion; *arson*; firearms use . . . or attempt, *conspiracy*, or solicitation to commit any of the above offenses."  18 U.S.C. § 3559(c)(2)(F)(i) (emphasis added).

That brings us to Brush's previous Kentucky conviction.  In 2003, Brush admitted to paying someone to burn the home of the victim, but no one was inside the home at the time of the arson.  Based on this admission, Brush was convicted of second-degree conspiracy to commit arson, for which he spent more than three years in prison.  The PSR determined that Brush's conspiracy conviction qualified as a serious violent felony and calculated a total offense level of 34, after a three-point reduction for Brush accepting responsibility, and a criminal history category of VI, creating a guidelines range of 262 months to 327 months.

When objecting to the PSR, Brush disputed neither the Kentucky conviction being a conspiracy to commit arson charge nor that he served more than 12 months imprisonment for the conviction.  Instead, he argued that the arson conviction was disqualified from counting against him as a serious violent felony pursuant to 18 U.S.C. § 3559(c)(3)(B).  Section 3559(c)(3)(B) defines nonqualifying arson offenses for sentencing purposes under the "three strikes" provision of 18 U.S.C. § 3559(c)(1).  The disqualifying definition explains "[a]rson shall not serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence that the offense posed no threat to human life; and the defendant reasonably believed the offense posed no threat to human life."  18 U.S.C. §3559(c)(3)(B).  Brush contended that, because the fire

was set to a woodpile behind an unoccupied home, the fire did not threaten human life. He also cited *United States v. Barnwell*, No. 3:20-cr-623; 2021 WL 1964261 (N.D. Ohio May 17, 2021), arguing that the § 3559(c)(3) disqualification of Barnwell's robbery felony when being sentenced under § 841(b)(1)(B) demonstrates that Brush's arson conviction should be disqualified from counting as a serious violent felony for his sentencing.

The district court disagreed. Reasoning that the plain meaning of the statute did not carve out disqualified felonies from the definition of serious violent felonies when sentencing under § 841(b)(1)(B), the district court held that § 3559(c)(3)(B) does not apply in this case. The district court explained that "[i]f Congress had intended the Court to consider § 3559(c)(3) in defining 'serious violent felony' for the purposes of § 802(58) (and § 841(b)(1)(B)), it could have explicitly referenced § 3559(c)(3) in § 802(58)." R. 160, PageID 709. Thus, the district court sentenced Brush to 262-months imprisonment, the bottom of the guidelines range. Brush timely appealed.

## II.

We review questions regarding statutory interpretation de novo. *United States v. Henry*, 983 F.3d 214, 218 (6th Cir. 2020). We also review "de novo the legal conclusion that a prior conviction is a qualifying offense under" the Controlled Substances Act (21 U.S.C. §§ 801–904). *United States v. Pritchett*, 749 F.3d 417, 423 (6th Cir. 2014) (quoting *United States v. Corona*, 493 F. App'x 645, 653 (6th Cir. 2012)).

To begin our interpretation of a statute, "we begin with the plain meaning of the statutory language." *Henry*, 983 F.3d at 218 (quoting *King v. Zamiara*, 788 F.3d 207, 212 (6th Cir. 2015)). Section 802 provides the definitions for the Controlled Substances Act—including the definition of serious violent felonies for a sentencing enhancement under § 841. When defining serious violent felony, § 802 specifically invokes 18 U.S.C. § 3559(c)(2). 21 U.S.C. § 802(58)(A).

Section 3559(c)(2) defines serious violent felony to include arson and conspiracy to commit arson, along with various other crimes. Yet, the definition in § 802 conspicuously leaves out any reference to the disqualified felonies mentioned in 18 U.S.C. §3559(c)(3).

"As judges, we assume that Congress says what it means and means what is says." *United States v. Jackson*, 995 F.3d 522, 523 (6th Cir. 2021). Because the text of § 802 makes no mention of § 3559(c)(3) when defining serious violent felonies but does mention § 3559(c)(2), we do not add the disqualification of felonies described in § 3559(c)(3) to the definition Congress provided in § 802.

Even more, we "look at the specific statutory language as well as the language and design of the statute as a whole." *Henry*, 983 F.3d at 218 (quoting *United States v. Meyers*, 952 F.2d 914, 918 (6th Cir. 1992)). And § 3559(c)(3)'s language demonstrates that potentially disqualified felonies should not be considered outside of sentencing for "three strikes" (§ 3559 (c)) cases, which Brush's case is not. As the language for disqualifying arson in certain cases says, "[a]rson shall not serve as a basis for sentencing *under this subsection . . . .*" 18 U.S.C. § 3559(c)(3)(B) (emphasis added). "This subsection" limits the provision's impact to sentencing occurring pursuant to § 3559(c). *See United States v. Gatewood*, 230 F.3d 186, 188–89 (6th Cir. 2000) (en banc) ("The three strikes statute contains a disqualification provision, or an affirmative defense, that provides a defendant with the opportunity to prove that an otherwise qualifying conviction does not constitute a 'strike' under the statute."). But the district court sentenced Brush under the Controlled Substances Act. To further support our view that this disqualifying language is in fact limited to § 3559(c), § 3559(b) describes § 3559(c) as "subsection (c)." 18 U.S.C. §3559(b). That demonstrates we should not construe the language of § 3559(c)(3) to reach beyond the limitations the provision places on itself unless specifically instructed to do so by another statute, which is not

the circumstance here. Further, this reading of § 3559(c)(3) does not render any part of the statute to be "inoperative or superfluous, void or insignificant" because § 3559(c)(3) still maintains its purpose and significance in the "three strikes" context. *Corley v. United States*, 556 U.S. 303, 314 (2009) (quoting *Hibbs v. Winn*, 542 U.S. 88, 101 (2004)).

Brush's reliance on *Barnwell* is misplaced. Besides not being binding on this court, that decision determined only whether the defendant met his burden to disqualify a felony conviction through clear and convincing evidence. *Barnwell*, 2021 WL 1964261, at *2. But the opinion simply assumed—without any analysis—that § 3559(c)(3) disqualification can occur when determining whether a serious violent felony enhancement should occur under § 841(b)(1)(B).

Here, we need not address whether Brush provided clear and convincing evidence that the offense posed no threat to human life or if he reasonably believed the offense posed no threat to human life in order to disqualify the prior conviction as a serious violent felony. That is because the conviction is not eligible for disqualification, given that § 3559(c)(3) is not a part of the definition of serious violent felony in this context. Thus, Brush's arson conviction satisfies the § 3559(c)(2) definition of a serious violent felony and qualifies for a sentencing enhancement under § 841(b)(1)(b), so we uphold the sentencing enhancement.

### III.

For the foregoing reasons, we AFFIRM the district court's sentence.