976 F.2d 734
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andrew DUNCAN, Defendant-Appellant.
 No. 91-4116.
 United States Court of Appeals, Sixth Circuit.
 Sept. 15, 1992.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and COOK, Chief District Judge*.
 PER CURIAM.
 
 
 1
 Defendant, Andrew Duncan, appeals from the refusal of the district judge to grant a downward sentencing departure. Finding that the district judge acted properly within the bounds of his discretion, we affirm.
 
 I.
 
 2
 Duncan pleaded guilty to armed bank robbery and sought a four-level downward departure at sentencing, claiming he committed the robbery under coercion. Section 5K2.12 of the United States Sentencing Commission Guidelines Manual provides, in relevant part:
 
 
 3
 If the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court may decrease the sentence below the applicable guideline range. The extent of the decrease ordinarily should depend on the reasonableness of the defendant's actions and on the extent to which the conduct would have been less harmful under the circumstances as the defendant believed them to be. Ordinarily coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency.
 
 
 4
 At the sentencing hearing, Duncan testified that he participated in the robbery to help pay off a family drug debt owed to his codefendant in the bank robbery prosecution. Both Duncan and his codefendant are drug addicts. Duncan claimed that his cousin was murdered over the drug debt. He also testified that, after he was arrested but before his codefendant was arrested, his brother was shot and his sister's house was torched.[1]
 
 
 5
 At the conclusion of the hearing, the court declined to make a downward departure, but did sentence the defendant at the lower end of the guideline range.[2]
 
 II.
 
 6
 A downward departure under section 5K2.12 is discretionary, not mandatory. United States v. Meyers, 952 F.2d 914 (6th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 1695 (1992). In Meyers, we reiterated:
 
 
 7
 [T]he failure to depart downward is not directly cognizable on appeal under 18 U.S.C. § 3742(a) if (1) the district court properly computed the guideline range, (2) the district court was not unaware of its discretion to depart downward from the guideline range, and (3) the district court did not impose the sentence in violation of law or as a result of the incorrect application of the Sentencing Guidelines.
 
 
 8
 Id. at 920 (citations omitted).
 
 
 9
 Here, we find, as we did in Meyers, that the trial judge was aware of the discretion he possessed under the guidelines, properly computed the guideline range, did not impose the sentence in violation of the law, and did not apply the guidelines incorrectly. Were we to grant relief in this case, we would be doing nothing more than substituting our judgment for that of the trial judge. This we are not allowed to do.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Julian A. Cook, Jr., Chief Judge of the United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 These post-arrest incidents appeared to be directed at discouraging Duncan from implicating his partner in the bank robbery. Since the events occurred after the robbery, they obviously could not have been a motivating force in getting Duncan to participate in the robbery. However, they were offered to add credibility to Duncan's claim that the fear of physical harm or property damage was real
 
 
 [2]
 The guideline range was 140-175 months, and Duncan was sentenced to 140 months