37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Andrew DUNCAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3085.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1994.
 
 1
 Before: MARTIN and BOGGS, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 Petitioner Duncan appeals a district court order dismissing a motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, Andrew Duncan pleaded guilty to one count of armed bank robbery, in violation of 18 U.S.C. Sec. 2113(a) and (d), and was sentenced to a term of 140 months imprisonment. Another panel of this court affirmed Duncan's conviction and sentence on direct appeal. United States v. Duncan, No. 91-4116, 1992 WL 227481 (6th Cir. Sept. 15, 1992) (unpublished).
 
 
 4
 In 1992, Duncan filed his initial motion to vacate sentence. The district court ordered the motion dismissed and an appeal followed. Duncan did not file an appellate brief as directed so this appeal was ultimately dismissed for want of prosecution.
 
 
 5
 In 1993, Duncan filed a second motion to vacate, styled a "Reconsideration" of the first motion. The district court again ordered that the motion be dismissed and Duncan took the appeal currently before the court. The parties have briefed the issues; Duncan is proceeding without benefit of counsel.
 
 
 6
 Duncan raises two issues in his motion and on appeal. The first issue may not be raised in this forum owing to a procedural default; the second issue lacks merit. In sum, the record does not reflect that Duncan's conviction was the result of a proceeding so fundamentally flawed as to constitute a complete miscarriage of justice or a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 7
 Duncan was indicted in connection with a 1991 armed bank robbery in Warren, Ohio. There is no serious dispute that Duncan was one of the two perpetrators. At sentencing Duncan raised one issue only through counsel, that is, his assertion that he was entitled to a downward departure under U.S.S.G. Sec. 5K2.12 because he was coerced into assisting with the robbery. The district court declined to effect a downward departure on this ground but sentenced Duncan at the lowest end of the guideline range (140 months out of a range of 140-175 months). The propriety of the decision not to depart downward, the lone error assigned by Duncan's counsel on direct appeal, was affirmed. Duncan, slip op. at * * 1.
 
 
 8
 Duncan subsequently challenged the constitutionality of the sentence in a Sec. 2255 proceeding. His motion to vacate set forth two issues: his guideline base offense level should not have been enhanced through the use of an unconstitutional 1974 conviction, and he received ineffective assistance of counsel at sentencing. The district court's order dismissing the motion properly notes that the claims were conclusory and the evidence of Duncan's guilt was "overwhelming." The subsequent appeal was dismissed due to Duncan's failure to file an appellate brief.
 
 
 9
 Duncan closely followed the dismissal of his appeal with a second challenge to his sentence. This is in the form of a Sec. 2255 motion with the exception that the word "Reconsideration" appears in a few places. The unmistakable tenor of this document is, however, a second Sec. 2255 motion in which Duncan again contends that his sentence was unfairly enhanced and that he received ineffective assistance of counsel. The government responded to the substance of the motion and the district court again concluded that there was no merit to Duncan's contentions. On appeal, Duncan continues to assert that his sentence was improperly enhanced by an invalid prior conviction and that his trial counsel was ineffective in a number of ways.
 
 
 10
 It is initially noted that Duncan's second motion was amenable to summary dismissal as a successive petition had the government decided to raise that defense. The claims are virtually identical to those presented in his first motion; Duncan himself insists upon as much in the body of his "Reconsideration." There is no discernable reason to consider anew the contentions. (Duncan blithely asserts that he purposefully caused the appeal to be dismissed because he was certain of obtaining a remand and that he merely refiled his claims in an effort to "conserve[ ] scarce appellate resources." This outrageous position is belied by the correspondence in that appeal (wherein Duncan clearly seeks more time to file a brief after being notified of the dismissal) and common sense.) Nevertheless, the failure of the government to move for dismissal on this ground, and give the movant opportunity to respond to the specifics of that defense, precludes this court from doing so. See McCleskey v. Zant, 499 U.S. 467, 494 (1991); Sanders v. United States, 373 U.S. 1, 10-11 (1963).
 
 
 11
 Duncan's first claim is not properly before the court as it has been procedurally defaulted. It is clear that a Sec. 2255 motion to vacate will not serve as a substitute for a direct appeal. Stone v. Powell, 428 U.S. 465, 478 n. 10 (1976). As a result of Duncan's failure to register a contemporaneous objection to the district court's use of the 1974 conviction in the calculation of his base offense level, he waived his right to contest this determination on direct appeal even had he attempted to do so. United States v. Nagi, 947 F.2d 211, 213-14 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). Moreover, claims that could have been raised on direct appeal but were not will not be entertained in a Sec. 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982). This is true even in the case of a conviction entered after a guilty plea. Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). There is no indication of record that Duncan has attempted to satisfy this standard.
 
 
 12
 Duncan's second claim is his trial counsel was ineffective. One seeking relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687-94 (1984). In the context of a guilty plea, the resulting prejudice must amount to a showing that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 56-60 (1985). Duncan's allegations in this regard fall far short of this standard. He notes, in vague, essentially meaningless terms, that he had "strong misgivings" about and was "disappointed" with his "insensitive" trial counsel, that he wasn't "provided with all the relevant documents," that his attorney did nothing about the government's covert actions and that the ineffective representation took many "subtle" forms. Duncan readily concedes the "conclusory" nature of these claims. This appeal is a patently meritless attempt to upset a bargained-for conviction and sentence by an individual who was undeniably guilty of the offense with which he was charged.
 
 
 13
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation