*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0291P (6th Cir.)
File Name: 03a0291p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 02-5099

ALEXANDER CALOR,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 01-00063—Karl S. Forester, Chief District Judge.

Argued: July 31, 2003

Decided and Filed: August 15, 2003

Before: KENNEDY, GILMAN, and GIBBONS, Circuit
Judges.

---

## COUNSEL

**ARGUED:** Fred E. Peters, Lexington, Kentucky, for
Appellant. Kenneth R. Taylor, ASSISTANT UNITED
STATES ATTORNEY, Lexington, Kentucky, for Appellee.
**ON BRIEF:** Fred E. Peters, Lexington, Kentucky, Elizabeth
S. Hughes, GESS, MATTINGLY & ATCHISON, Lexington,
Kentucky, for Appellant. Kenneth R. Taylor, ASSISTANT

UNITED STATES ATTORNEY, Lexington, Kentucky, for
Appellee.

---

## OPINION

---

KENNEDY, Circuit Judge. Alexander Calor appeals the
district court's denial of his motion to dismiss his prosecution
under 18 U.S.C. § 922(g)(8) for possession of five firearms
while subject to a court order, and its denial of his motion to
suppress evidence connected to his prosecution under 26
U.S.C. § 5861(d) for possession of an unregistered
Bushmaster .223 caliber rifle with an eleven and one-half inch
barrel. We **AFFIRM** the district court's disposition of both
motions.

### I.

On Friday, February 9, 2001, Mary Beth Calor, Alexander
Calor's wife, sought and obtained an *ex parte* Emergency
Protective Order (EPO). The EPO was served on Mr. Calor
at the Calors' residence on the evening of February 9 by two
Harrison County deputy sheriffs. The EPO restrained Mr.
Calor from contacting Mrs. Calor, ordered Mr. Calor to
vacate the marital residence, ordered Mr. Calor "not to
possess any firearms, turn all firearms into [Harrison County]
Sheriff's Office," and summoned Mr. Calor to appear at a
hearing on Monday, February 12, 2001 at 11:00 a.m. to
respond to domestic violence allegations. The EPO was
effective through February 12, 2001. Calor allowed the
deputy sheriffs who served the EPO to retrieve a quantity of
guns, including a Bushmaster .223 caliber rifle with an eleven
and one-half inch barrel.

On February 12, 2001, Mr. Calor retained temporary
counsel to request an adjournment of the scheduled hearing.
The court granted the request and adjourned the hearing until

February 21, 2001. The court did not take any testimony from sworn witnesses and no other evidence was presented, but it did address some collateral matters raised by Mrs. Calor's counsel and issued a second EPO that was effective through February 21, 2001.[1]

On February 14, 2001, Mr. Calor violated the EPO by returning to the marital residence. Mrs. Calor reported Mr. Calor's violation to the Harrison County Sheriff's Office. The deputy sheriffs who responded to Mrs. Calor's complaint observed Mr. Calor leaving the residence and arrested him. A search of his vehicle revealed four handguns. Mr. Calor's counsel later reported the presence of a fifth handgun in the impounded vehicle.

On July 12, 2001, a federal grand jury indicted Defendant on one count of possessing a firearm in violation of title 18 of the United States Code, § 922(g)(8) (Count I), and one count of possessing a firearm in violation of title 26 of the United States Code, § 5861(d) (Count II). Calor was convicted on both counts by a jury.

## II.

Calor's appeal presents two distinct issues. The first issue is whether the February 12 court proceeding before the state trial judge provided the predicate hearing necessary to render the February 12 EPO a court order within the meaning of § 922(g)(8). The second issue is whether the deputy sheriffs lawfully seized the Bushmaster .223 caliber rifle for the purposes of a criminal prosecution. Because the relevant

---

[1] In addition to the terms of the first EPO, the second EPO restrained Mr. Calor from coming into the city of Cynthiana except to see his attorney and for court appearances, required him to stay away from his wife's place of employment and his daughter's daycare, and provided that a list of Mr. Calor's clothing and personal belongings be given to Mrs. Calor's attorney and that Mr. Calor could retrieve these items from the Harrison County Sheriff's Office.

facts were not disputed, the district court did not hold an evidentiary hearing prior to ruling on Calor's motions. The district court's denial of the motion to dismiss and intertwined statutory construction present questions of law that are reviewed *de novo*. *United States v. Stewart*, 306 F.3d 295, 331 (6th Cir. 2002). Likewise, the district court's denial of the motion to suppress evidence is reviewed *de novo*. *United States v Pelayo-Landero*, 285 F.3d 491, 494 (6th Cir. 2002).

### A.

Calor argues that the district court erred when it denied his motion to dismiss because the court order upon which his prosecution under § 922(g)(8) is based was not issued after a hearing that is within the scope of § 922(g)(8). That statutory section makes it unlawful for any person:

(8) who is subject to a court order that–
(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
(C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury;
. . .
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition

which has been shipped in interstate or foreign commerce.

This Circuit has upheld the constitutionality of § 922(g)(8). *United States v. Napier*, 233 F.3d 394 (6th Cir. 2000) (holding that § 922(g)(8) does not violate Due Process and Commerce clauses, or Second Amendment), *United States v. Baker*, 197 F.3d 211 (6th Cir. 1999) (holding that § 922(g)(8) does not violate Due Process or Commerce clauses). The construction of what is necessary to meet the hearing requirement, however, presents a question of first impression.

"In all cases of statutory construction, the starting point is the language employed by Congress. Where the statute's language is plain, the sole function of the courts is enforce it according to its terms." *Vergos v. Gregg's Enters., Inc.*, 159. F.3d 989, 990 (6th Cir. 1998) (internal quotation marks and citations omitted). "The court must look beyond the language of the statute, however, when the text is ambiguous or when, although the statute is facially clear, a literal interpretation would lead to internal inconsistencies, an absurd result, or an interpretation inconsistent with the intent of Congress." *Id.*

The parties contend that the term "hearing" is ambiguous. While we agree that the term has not been given a consistent meaning in federal law and its construction has been context dependent, the term is not ambiguous in this context. In order for a court proceeding to be the predicate hearing for a court order that triggers the § 922(g)(8) firearm disability, the statute straightforwardly requires that the subject of the court order be given actual notice of the proceeding and an opportunity to participate. In this case, the actual notice requirement is satisfied by the summons written into the EPO that was served on Calor on the evening of February 9. The opportunity to participate requirement is satisfied because Calor could have presented reasons why the court should not enter an order finding that he posed a credible threat to the safety of his wife or child at the February 12 court proceeding. That Calor elected to waive his opportunity to

participate does not does not alter his status under § 922(g)(8). The second EPO, which was issued at the conclusion of the February 12 court appearance, provided the predicate court order for Calor's prosecution for possessing the five firearms in violation of §922(g)(8).

Our reading of §922(g)(8) is consistent with that of the Seventh Circuit. *United States v. Wilson*, 159 F.3d 280 (7th Cir. 1998), considered a due process challenge to defendant's conviction under §922(g)(8). The court concluded that the state court proceeding afforded to Wilson prior to entry of the plenary protection order against him provided "'an opportunity to be heard at a meaningful time and in a meaningful manner.'" *Id.* at 289-90 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Defendant had an opportunity to be heard in a meaningful manner because, even though no proof was presented, he had "'the opportunity to present reasons, either in person or in writing, why proposed action should not be taken.'" *Id.* at 290 (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 52, 546 (1985)). Given that the minimum requirements of the statute comport with the requirements of due process, we follow the Seventh Circuit in declining to embellish the hearing requirements explicitly set forth in § 922(g)(8). Consequently, we affirm the district court denial of Calor's motion to dismiss his prosecution under 18 U.S.C. § 922(g)(8) for possession of five firearms while subject to a court order.[2]

### B.

Calor next argues that the district court erred when it denied his motion to suppress the evidence of his possession of an unregistered firearm because the February 9 EPO cannot

---

[2]Calor's reliance on *United States v. Spruill*, 292 F.3d 207 (5th Cir. 2002), is misplaced. The domestic violence order at issue in *Spruill* did not fall within the scope of § 922(g)(8) because it was entered by agreement of the parties, but without the parties appearing before a judge at a noticed hearing. *Id.* at 219-20.

constitute a valid search warrant under the Fourth Amendment and the pre-hearing seizure of the firearms violates constitutional due process requirements.

With respect to Calor's Fourth Amendment challenge to the validity of the EPO as a search warrant, the district court found that an EPO necessarily includes the authority for the sheriff's department to enter a residence to enforce the seizure-of-weapons provision. As such, the district court found that "the deputy sheriffs were acting pursuant to a valid search warrant, issued by the terms of a constitutional statute, when the Bushmaster weapon was seized." This claim, however, fails on narrower grounds because Calor does not argue that the deputy sheriffs' entry into his residence and retrieval of his guns for transportation to the Harrison County Sheriff's Office was done without his permission. *United States v. Elkins*, 300 F.3d 638, 647 (6th Cir. 2002) ("'A search may be conducted without a warrant if a person with a privacy interest in the [place] to be searched gives free and voluntary consent.'" (quoting *United States v. Riascos-Suarez*, 73 F.3d 616, 625 (6th Cir. 1996)). In fact, at trial, Calor testified that he complied with the order, albeit reluctantly, and that he helped the deputies pack up his firearms. Had Calor denied the deputy sheriffs permission to enter and the deputies relied on the EPO to search for and seize Calor's guns, we then would have a basis for considering whether an EPO, which requires the removal of an alleged domestic abuser and his firearms from the home, is a valid search warrant under the Fourth Amendment.

With respect to Calor's due process challenge to the seizure of his firearms, the district court found that Calor's argument failed because, under the balancing test articulated in *Mathews v. Eldridge*, 408 U.S. 471, 481 (1972), Kentucky's interest in protecting the victims of domestic violence from further violence, and possibly death, outweighed Calor's interest in maintaining possession of his firearms during the brief period between seizure and a hearing, and that the risk of an erroneous deprivation of property rights was small. The

district court's balancing of the relative interests appropriately assigns greater weight to the government's interest in protecting an alleged domestic violence victim from gun violence and possible death after an alleged abuser has been served an EPO than to a gun owner's brief loss of possession. Consequently, we affirm the district court's denial of Calor's motion to suppress the evidence of his possession of an illegal rifle.

### III.

For the foregoing reasons, we affirm the district court's denial of Calor's motion to dismiss his prosecution under 18 U.S.C. § 922(g)(8) for possession of five firearms while subject to a court order. We also affirm the district court's denial of Calor's motion to suppress evidence connected to his prosecution under 26 U.S.C. § 5861(d) for possession of an unregistered Bushmaster .223 caliber rifle with an eleven and one-half inch barrel. Calor's conviction is affirmed.