**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4599**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

LYNDON B. LARSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Glen E. Conrad, Chief District Judge. (3:11-cr-00021-GEC-1)

Submitted: December 17, 2012      Decided: January 3, 2013

Before AGEE, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Andrea L. Harris, Assistant Federal Public Defender, Megan M. Coker, OFFICE OF THE PUBLIC FEDERAL DEFENDER, Christine Madeleine Lee, Research and Writing Attorney, Charlottesville, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Ronald M. Huber, Assistant United States Attorney, Lanny A. Breuer, Assistant Attorney General, John D. Buretta, Deputy Assistant Attorney General, David M. Lieberman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lyndon B. Larson appeals his conviction and twelve-month sentence imposed following his conditional guilty plea to possessing a firearm while subject to a court order that restrained him from harassing, stalking, or threatening his intimate partner in violation of 18 U.S.C. § 922(g)(8) (2006). Larson contends that the state court order to which he was subject did not satisfy § 922(g)(8), that § 922(g)(8) was applied to him in violation of his due process rights, and that § 922(g)(8) violates the Second Amendment as applied to Larson. We affirm.

This court reviews de novo Larson's constitutional and purely legal challenges to his conviction under 18 U.S.C. § 922(g)(8) (2006). United States v. Moore, 666 F.3d 313, 316 (4th Cir. 2012). Section 922(g)(8) provides that it shall be unlawful for any person to possess a firearm:

> (8) who is subject to a court order that -
> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
>
> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

> (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury;

18 U.S.C. § 922(g)(8) (2006). We conclude that Larson's state court order, which prohibited him from harassing, stalking, or threatening his intimate partner, was sufficient under § 922(g)(8)(C)(ii) to evidence the state court's finding that he represented a credible threat to his intimate partner. See United States v. Bostic, 168 F.3d 718, 722 (4th Cir. 1999). Further, because this state court order was entered at a hearing that Larson had notice of and at which he had an opportunity to participate, we conclude that his due process rights were not violated. See United States v. Calor, 340 F.3d 428, 431 (6th Cir. 2003) (holding that actual notice was satisfied by a summons and the opportunity to participate by a hearing where the defendant could argue against the court's finding that he was a credible threat); Unites States v. Young, 458 F.3d 998, 1006 (9th Cir. 2006) ("The statute does not require notice of the fact that a restraining order would issue, nor does it require any other form of 'advance' notice."); Bostic, 168 F.3d at 722 (holding that a person subject to a civil order "cannot reasonably expect to be free

from regulation when possessing a firearm" and therefore they are not entitled to actual notice that possessing a firearm is illegal while under the order.).

Larson also contends that his prosecution violates the Second Amendment. The Supreme Court has identified an individual right to keep and bear arms protected by the Second Amendment. District of Columbia v. Heller, 554 U.S. 570, 595 (2008). The Court has held that this right is qualified, "[l]ike most rights, the right secured by the Second Amendment is not unlimited." Id. at 626. The primary limitations recognized by the Heller Court are "longstanding prohibitions on the possession of firearms by felons," such as § 922(g)(1), and other presumptively lawful regulatory measures. Id. at 626-27. In response to Heller, this court established a two-prong test for assessing a Second Amendment challenge to a criminal statute. United States v. Chester, 628 F.3d 673 (4th Cir. 2010). The first prong requires an evaluation of whether Second Amendment rights are "burden[ed] or regulat[ed]" by the statute in question. Id. at 680. If so, under the second prong, the statute must pass constitutional muster in accordance with the appropriate level of judicial scrutiny. Id.

We find it unnecessary to decide whether the conduct regulated by § 922(g)(8) implicates the Second Amendment. For the purposes of this case we assume that it does, and proceed to

4

assess the statute under intermediate scrutiny. See United States v. Chapman, 666 F.3d 220, 225 (4th Cir. 2012) (declining to decide whether the Second Amendment applies to conduct under 922(g)(8)); United States v. Mahin, 668 F.3d 119, 124 (4th Cir. 2012) ("As in Chapman, we may apply intermediate scrutiny to . . . Mahin's § 922(g)(8) conviction"). To pass muster under intermediate scrutiny, "the government bears the burden of establishing a reasonable fit between the challenged statute and a substantial governmental objective." Chapman, 666 F.3d at 226 (citing Chester, 628 F.3d at 683). In Chapman, this court recognized that reducing domestic gun violence is a valid substantial governmental objective. 666 F.3d at 226. Chapman also held that a reasonable fit existed because § 922(g)(8) was aimed at an exceedingly narrow class of persons who were likely to commit domestic gun violence. See id. at 228-29. Larson argues that he is outside this class. We disagree. Because Larson's state court order satisfies § 922(g)(8)(C)(ii), we conclude that he is within the admittedly narrow category of individuals whose Second Amendment rights may be primarily burdened, and that, therefore, the Second Amendment does not bar his prosecution.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED